# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PATRICK PRICE and SUZANNE PRICE and 4356 92nd AVENUE, LLC, | DIVISION ONE |
| Appellants, | No. 80572-0-I |
| v. | UNPUBLISHED OPINION |
| SEL, INC., and THOMAS ANDREW LERNER, | |
| Respondents, | |
| CHARLES NEFF, KAREN JENSEN, and Doe Defendants 1 through 20, | |
| Defendants. | |

DWYER, J. — Patrick and Suzanne Price formed 4356 92nd Avenue, LLC to purchase a home using seller financing. The LLC defaulted on its payments to the sellers. Foreclosure trustee SEL, Inc. initiated a nonjudicial foreclosure. The LLC and the Prices sued the sellers, SEL Inc., and the attorney acting on behalf of SEL, Inc., claiming violations of the Consumer Protection Act, chapter 19.86 RCW, due to violations of the Deeds of Trust Act, chapter 61.24 RCW. The superior court dismissed the complaint on summary judgment. Because the Prices lack standing to bring this cause of action and the LLC fails to raise a genuine issue of material fact regarding at least two essential elements of its claim, we affirm.

I

In August 2016, appellant 4356 92nd Avenue, LLC (92nd Avenue LLC or the LLC) purchased a home located at 4356 92nd Avenue SE, Mercer Island, Washington (Property) from Karen Jensen and Charles Neff (the Neffs) for approximately $3.650 million.

Appellants Patrick and Suzanne Price (the Prices) created 92nd Avenue LLC for the specific and sole purpose of acquiring and developing the Property. The Prices and their two adult daughters are the members of the LLC.

92nd Avenue LLC used seller financing to purchase the Property. On or around August 12, 2016, the LLC entered into an amended and restated promissory note (Amended Promissory Note) for $3.650 million payable to the Neffs. The Amended Promissory Note was secured by a deed of trust naming 92nd Avenue LLC as the borrower and the Neffs as the lenders. Copper Leaf, LLC, a business owned by a friend of the Prices, guaranteed the promissory note in a separate written guarantee agreement.

The Amended Promissory Note legally obligated 92nd Avenue LLC to make monthly installment payments of $10,645.83 starting September 1, 2016 and quarterly payments of principal of $100,000 from September 30, 2016 to December 31, 2018.

92nd Avenue LLC initially made its payments to the Neffs pursuant to its obligations under the Amended Promissory Note. However, the LLC defaulted when it failed to make its payments due on March 31, 2017. Appellants do not dispute that 92nd Avenue LLC defaulted on its payments to the Neffs.

As a result of the default, on April 4, 2017, the law firm Stokes Lawrence, representing the Neffs, issued a notice of default to 92nd Avenue LLC. The notice of default stated that the Neffs had elected to accelerate the debt and "declare all outstanding sums owed on the Note to be immediately due and payable." "You must pay the sum of $3,462,354.17 plus such actual attorneys' fees and expenses plus such interest as accrues after April 4, 2017 to reinstate your rights under the Deed of Trust prior to our recording the Notice of Sale." The notice also stated that interest was continuing to accrue at the default rate of eight percent.

On or around May 18, 2017, Stokes Lawrence attorney Thomas Lerner, on behalf of the firm's separate corporate entity SEL, Inc., issued and recorded a notice of trustee's sale. The notice stated that the Property would be sold on August 11, 2017.

On or around July 13, 2017, SEL, Inc. issued and recorded an amended notice of trustee's sale, setting the Property sale for October 13, 2017.

The day before the scheduled Property sale, the Prices entered into a residential lease agreement with 92nd Avenue LLC to lease the Property for $10,000 per month.

On October 13, 2017, the day the Property was scheduled to be sold, 92nd Avenue LLC filed for bankruptcy in the United States Bankruptcy Court for the Western District of Washington. The bankruptcy filing obligated SEL, Inc. to postpone the scheduled Property sale, which it did.

The parties eventually stipulated to the dismissal of the bankruptcy proceedings. The bankruptcy court dismissed the bankruptcy case on February 27, 2018. Patrick Price confirmed that the dismissal was to allow the nonjudicial foreclosure to proceed.

SEL, Inc. then executed a second amended notice of trustee's sale, setting the Property sale for April 20, 2018.

Two days before the scheduled Property sale, the Prices and 92nd Avenue LLC filed the instant action against Lerner individually, SEL, Inc. as foreclosure trustee, and the Neffs as sellers, seeking a temporary restraining order to delay the scheduled sale and alleging Consumer Protection Act violations based on claimed violations of the Deeds of Trust Act.

SEL, Inc. cancelled the scheduled April 20, 2018 sale after Lerner learned of errors in the mailing addresses used to send the second amended notice of trustee's sale to the Prices and that the notice had not been posted at the Property.

On May 11, 2018, SEL, Inc., Lerner, and the Neffs requested that the superior court appoint a receiver to govern the LLC's affairs and sell the Property. Over the Appellants' objections, the superior court granted the motion and appointed a receiver on May 24, 2018.

The receiver listed the Property for sale on July 10, 2018; the Property sold in May 2019 for $3.73 million. Thus, it was on the market for about 10 months.

On July 19, 2019, SEL, Inc. and Lerner moved for summary judgment, requesting that the court dismiss the plaintiffs' complaint because the Prices and the LLC could not establish certain elements of their Consumer Protection Act claims.

On August 16, 2019, the trial court granted the summary judgment motion, dismissing the Prices' and the LLC's claims regarding violation of the Consumer Protection Act, which was the only cause of action then stated.  The Prices and the LLC moved for reconsideration, which the court denied on September 3, 2019.

The Prices and 92nd Avenue LLC appeal.[1]

II

A

We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[2]  Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  Keck, 184 Wn.2d at 370.  If a plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is

---

[1] The claim against the Neffs was separately dismissed and is not at issue in this appeal.

[2] The appellants' notice of appeal states that they are also seeking review of their motion for reconsideration, which was denied on September 3, 2019.  Appellants do not discuss the motion for reconsideration specifically in their brief, nor do they urge a different standard of review.  We will review the appellants' claims using the summary judgment de novo standard of review; we note this standard of review is the most favorable to the appellants.

proper.  Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

B

Initially, we note that the appellants' brief on appeal does not comply with the Rules of Appellate Procedure.  Remarkably, notwithstanding the clear requirements of RAP 10.3(a)(5), 10.3(a)(6), and 10.4(f), requiring pertinent references to the trial court record, the appellants' brief does not contain a single citation to the record.  In fact, the record in this appeal includes over 3,500 pages of clerk's papers.  The appellants' opening brief also fails to include a table of contents, a table of cases, or assignments of error as required by RAP 10.3(a)(2) and (a)(4).  In these circumstances, counsel's complete failure to cite to the record and otherwise follow the Rules of Appellate Procedure is an egregious violation of the rules and is fatal to the appeal.  Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 819, 828 P.2d 549 (1992).

C

But even if the appellants had complied with the Rules of Appellate Procedure, their arguments would not warrant reversal.

The Washington Supreme Court has held that it is possible for violations of the Deeds of Trust Act to constitute a violation of the Consumer Protection Act, even when there is no completed foreclosure sale and no allegation the plaintiff has paid any foreclosure fees.  See, e.g., Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 430, 334 P.3d 529 (2014); Lyons v. U.S. Bank Nat'l Ass'n, 181

6

Wn.2d 775, 784, 336 P.3d 1142 (2014).  The analysis of the elements of a Consumer Protection Act claim premised on alleged Deeds of Trust Act violations is identical to the analysis of the elements of a Consumer Protection Act claim premised on any other allegedly unfair or deceptive practice with a public interest impact occurring in trade or commerce that has allegedly proximately caused injury to a plaintiff's business or property.  Frias, 181 Wn.2d at 432-33. Simply put, Consumer Protection Act claims alleging Deeds of Trust Act violations are governed by the same principles as are all other Consumer Protection Act claims.  Frias, 181 Wn.2d at 432-33.

To prove a violation of the Consumer Protection Act, a plaintiff must prove five elements: "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).  Failure to satisfy even one element is fatal to the claim.  See Hangman Ridge, 105 Wn.2d at 793.

D

The Prices' claim is easily disposed of. The Prices, as plaintiffs in their individual capacities, do not have standing to bring this Consumer Protection Act claim.  The requirement of standing prevents "a plaintiff from asserting another's legal rights."  Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 199, 312 P.3d 976 (2013).  Every action must be prosecuted in the name of the real party in interest.  CR 17(a).  That is, the only parties on whose behalf suits may be initiated are those persons whose interests will be materially

affected by the outcome. The real party in interest is "'the person who, if successful, will be entitled to the fruits of the action.'" Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 716, 899 P.2d 6 (1995) (quoting 3A LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 17 author's cmt. 1, at 420 (4th ed. 1992)). One must own a cause of action in order to assert it.

The Prices were not a party to the real estate or seller financing transactions with the Neffs. 92nd Avenue LLC alone purchased the Property from the Neffs. 92nd Avenue LLC alone entered into the Amended Promissory Note with the Neffs. The Amended Promissory Note was secured by a deed of trust and 92nd Avenue LLC was the sole borrower. The notices of default and trustee's sale, which the Prices allege were unlawful, were issued to 92nd Avenue LLC. The Prices were not parties to the transactions.[3]

The record shows that the Prices purposefully created 92nd Avenue LLC to enter into these transactions with the Neffs. Bankruptcy pleadings filed by 92nd Avenue LLC explain that the LLC was "formed as a Washington limited liability company on June 28, 2016 for the purpose of acquiring and developing the Property." Appellants' complaint and the attached declaration of Patrick Price assert that the Prices chose to create 92nd Avenue LLC to purchase the Property for reasons related to their family and the operation of their family business. The Prices knew that they were not a party to the real estate and

---

[3] Without citation to the record, the Prices allege that they personally guaranteed the Amended Promissory Note. However, their brief on appeal does not point to any evidence in the record that they suffered any injuries or incurred any debts as guarantors.

related loan transactions with the Neffs. Having strategically chosen the protection of an LLC, the Prices cannot now bypass the LLC and claim an individual interest in the LLC's action against the seller or other parties.[4] They cannot, in their individual capacities, commandeer and assert the legal rights of 92nd Avenue LLC.

In short, the Prices here pursued a cause of action they do not own. We affirm the trial court's dismissal of the Prices' cause of action on the basis that they have no standing to bring such an action.

E

Turning to 92nd Avenue LLC's claims against SEL, Inc. and Lerner, the LLC has failed to prove at least two elements of a Consumer Protection Act claim: (1) injury to its business or property and (2) causation. See Hangman Ridge, 105 Wn.2d at 792-793.

First, to prove a claim under the Consumer Protection Act, 92nd Avenue LLC must prove that it was injured in its "business or property." See Hangman Ridge, 105 Wn.2d at 792.

The Prices allege the following injuries that they personally suffered: damage to their unrelated businesses (not 92nd Avenue LLC), including harm to their relationship with a former business associate who formerly loaned them money, damage to their personal finances, legal fees and other costs incurred in filing for bankruptcy, legal fees and other costs incurred in bringing the instant

---

[4] Because the Prices had previously formed a different LLC to lease a separate luxury property with an option to purchase, and then became embroiled in litigation over the transaction, it belies credulity to believe that the Prices' similar formation of 92nd Avenue LLC to acquire and develop the Property was an accident.

9

action, legal fees and other costs incurred in connection with appointing a receiver to sell the Property.

However, the LLC does not allege any injuries whatsoever to itself. Injuries allegedly suffered by the Prices are not injuries to the LLC. The record is bereft of any evidence of injury to the LLC. Similarly, the LLC's brief on appeal is bereft of any citation to the record in support of any assertion of injuries suffered by the LLC.

The LLC did not suffer an injury from the sale of the Property that would be compensable in this action (based on alleged violations of the Deeds of Trust Act) because the Property was sold by the LLC's own receiver, outside the scope of the Deeds of Trust Act and subject to superior court supervision. Nor did 92nd Avenue LLC suffer injury to its business. The LLC has not presented any evidence that it suffered any injuries or incurred any debts. As detailed above, the record reflects that 92nd Avenue LLC was a single-purpose entity created for the sole purpose of acquiring and developing the Property. Although the LLC at one point entered bankruptcy proceedings, the LLC has not presented any evidence that the LLC suffered any injury associated with the bankruptcy and the bankruptcy was dismissed with the specific expressed intent that the nonjudicial foreclosure would be allowed to proceed. By allowing its bankruptcy case to be dismissed, the LLC knew that it would be divested of its interest in the Property.

In short, the LLC's failure to establish a question of fact as to the "injury" element of its Consumer Protection Act claim is fatal to its claim.

Second, to prove a claim under the Consumer Protection Act, 92nd Avenue LLC must prove causation. See Hangman Ridge, 105 Wn.2d at 792-93. A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury. Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 81-84, 170 P.3d 10 (2007). That is, a plaintiff has the burden of proving that a defendant's unfair or deceptive act or practice was a proximate cause of the plaintiff's injury. See Indoor Billboard, 162 Wn.2d at 81-84.

Here, 92nd Avenue LLC's default on the Amended Promissory Note was the sole cause of any purported injury to the LLC. SEL, Inc. and Lerner did not become involved in this matter until after the LLC had already defaulted, when the initial notice of trustee sale was issued in May 2017.

The LLC points to the notice of default, which it alleges improperly accelerated the debt and recited an incorrectly high interest rate, and the notices of trustee sales on May 18, 2017 and February 28, 2018, which it alleges contained various procedural errors, as the causes of injury. However, it fails to proffer evidence to establish that this is so.

There was no trustee's sale pursuant to any notice of trustee's sale. The LLC was divested of its interest in the Property when its own receiver, on behalf of the LLC itself and subject to judicial supervision, sold the property. The property was marketed for approximately 10 months. As set forth in the previous section, there are no facts in the record or identified in the briefing that indicate

any difficulty or injury at all to the LLC caused by the allegedly defective notices. This was not a forced sale of the Property; the LLC itself sold it.[5]

The LLC's failure to establish a question of fact as to the causation element of its Consumer Protection Act claim is also fatal to its claim.

The trial court's orders granting summary judgment to SEL, Inc. and Lerner and denying reconsideration are affirmed.

_____
Dwyer, J.

WE CONCUR:

_____     _____
                                     Chun, J.

---

[5] This action does not substitute for any proper action or objection by the LLC that could have been made to the receiver's actions while under superior court supervision.